## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00364-REB-BNB

BRANCH BULLARD and
NANCY BULLARD,

    Plaintiffs,

v.

PHH MORTGAGE CORPORATION,

    Defendant.

## ANSWER OF DEFENDANT PHH MORTGAGE CORPORATION

Defendant PHH Mortgage Corporation ("PHH"), through its attorneys The Castle Law Group, LLC by Christopher T. Groen and Phillip A. Vaglica, of counsel, hereby answers plaintiffs' complaint as follows:

### I.    ANSWER

1. Paragraph 1 is a statement of jurisdiction that does not require a response from PHH. To the extent paragraph 1 could be construed to contain any allegations of fact against PHH, such allegations are hereby denied.

2. The allegations contained in paragraph 2 are admitted in part and denied in part. PHH admits that part of its business includes the servicing of mortgages. PHH is without sufficient information to respond to the remaining allegations of paragraph 2, and the same are hereby denied.

3. PHH is without sufficient information to respond to the allegations contained in paragraphs 3 and 4, and the same are hereby denied.

4. The allegations contained in paragraph 5 are admitted in part and denied in part. PHH admits that it has a business relationship with Cartus Asset Recovery. PHH is without sufficient information to respond to the remaining allegations, and the same are hereby denied

5. PHH is without sufficient information to respond to the allegations contained in paragraph 6, and the same are hereby denied.

6. The allegations contained in paragraph 7 are admitted in part and denied in part. PHH admits that a contribution amount was requested in connection with the short sale requested by the plaintiffs. PHH is without sufficient information to respond to any further allegations contained in paragraph 7, and the same are hereby denied.

7. The allegations of paragraph 8 are admitted in part and denied in part. PHH admits that it received a letter from the plaintiffs dated July 24, 2013. PHH is without sufficient information to respond to any further allegations contained in paragraph 8, and the same are hereby denied.

8. Paragraph 9 does not require a response from PHH as the text of the letter speaks for itself. To the extent paragraph 9 contains any allegations against PHH, the same are hereby denied.

9. PHH is without sufficient information, at this time, to respond to the allegations contained in paragraph 10. As such, the allegations contained in paragraph 10 are hereby denied.

10. The allegations contained in paragraphs 11 and 12 denied.

11. Any allegations of the plaintiffs' complaint which have not been specifically admitted or denied are hereby denied.

## II. AFFIRMATIVE DEFENSES

PHH asserts the following affirmative defenses as to the claim raised by the plaintiffs:

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. The relief requested may be barred in whole or in part by plaintiffs' failure to mitigate damages.

3. The relief requested may be barred in whole or in part by the doctrines of waiver, estoppel, unclean hands, and/or the applicable statute of limitations.

4. The relief requested may be barred in whole or in part because plaintiffs did not suffer any actual damages and, if they did, such damages were the proximate result of their own acts or omissions.

5. The plaintiffs' claims may be barred or limited by their own breaches of the agreements between the parties.

6. The plaintiffs' claims may be barred in whole or in part by their failure to join indispensable or necessary parties.

7. The plaintiffs' claims may be barred in whole or in part because the alleged actions/inaction is attributable to third parties over which PHH had no control.

8. The plaintiffs' claims may be barred in whole or in part because their actions caused or contributed to PHH's alleged failure to respond.

9. PHH reserves the right to add, amend and/or supplement its answer to assert any further defenses or counterclaims which it deems necessary to its defense during the course of this litigation.

WHEREFORE, PHH requests that the court dismiss the complaint filed by the plaintiffs with prejudice and enter judgment against the plaintiffs and in favor of PHH for all costs incurred by PHH in the present action including reasonable attorneys' fees and all such other relief as this court deems just and proper.

Dated: April 24, 2014.

        THE CASTLE LAW GROUP, LLC

        /s/ *Christopher T. Groen*
        Christopher T. Groen
        Phillip A. Vaglica, of counsel
        999 Eighteenth Street, Suite 2201
        Denver, Colorado 80202
        (303) 865-1400
        Fax: (303) 865-1410
        cgroen@cmsatty.com
        vaglica@vaglica.com; pvaglica@cmsatty.com

        Attorneys for Defendant PHH Mortgage Corporation

5

## CERTIFICATE OF SERVICE

   I certify that on April 24, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Blair Kenneth Drazic**
  blairdrazic@gmail.com,blairdrazic@aol.com

        THE CASTLE LAW GROUP, LLC

        s/ *Colette Poeppel* _____
        Colette Poeppel, paralegal

5